JACQUELINE P. COX
**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF**
**DIVISION**

In re:                                §
                                      §
MARANAN, ARIEL L                      §    Case No. 10-24031
MARANAN, CARMEL B                     §
                                      §
                                      §
            Debtor(s)                 §

**TRUSTEE'S FINAL REPORT (TFR)**

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under chapter    of the United States Bankruptcy Code on
   .   The undersigned trustee was appointed on                 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of          $

        Funds were disbursed in the following amounts:

        Administrative expenses
        Payments to creditors
        Non-estate funds paid to 3rd Parties
        Payments to the debtor

        Leaving a balance on hand of[1]        $

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (9/1/2009) *(Page: 1)*

      6.  The deadline for filing claims in this case was _____.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

      7.  The Trustee's proposed distribution is attached as **Exhibit D**.

      8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

      The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____.  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____.

      Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____   By:/s/PHILIP V. MARTINO_____
                                                      Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

| Case No: | 10-24031 | JPC | Judge: JACQUELINE P. COX | Trustee Name: | PHILIP V. MARTINO |
|---|---|---|---|---|---|
| Case Name: | MARANAN, ARIEL L | | | Date Filed (f) or Converted (c): | 05/26/10 (f) |
| | MARANAN, CARMEL B | | | 341(a) Meeting Date: | 07/01/10 |
| For Period Ending: | 12/27/10 | | | Claims Bar Date: | 11/05/10 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Condo 222 N. Colubus Drive, #1806 | 190,000.00 | 0.00 | DA | 0.00 | FA |
| 2. Single Family Home 144 Rosewood Drive, StreamwoodL | 400,000.00 | 0.00 | DA | 0.00 | FA |
| 3. Townhouse 2131 Limestone Lane, Carpentersville, IL | 168,000.00 | 0.00 | DA | 0.00 | FA |
| 4. Townhouse 80 Kristin Circle #2,Schaumburg, IL | 200,000.00 | 0.00 | DA | 0.00 | FA |
| 5. Harris Bank Checking Account | 3,900.00 | 3,833.00 | | 3,833.00 | FA |
| 6. Harris Bank Checking Account | 200.00 | 1,700.00 | | 3,400.00 | FA |
| 7. Harris Bank Savings Account | 2,000.00 | 1,000.00 | | 2,000.00 | FA |
| 8. Furniture, applicances, TV, Stereo | 1,000.00 | 0.00 | DA | 0.00 | FA |
|     Debtor Claimed 100% Exemption on Schedule C | | | | | |
| 9. CLOTHING | 250.00 | 0.00 | DA | 0.00 | FA |
|     Debtor Claimed 100% Exemption on Schedule C | | | | | |
| 10. Rings Necklace Watch and Ear Rings | 250.00 | 0.00 | DA | 0.00 | FA |
| 11. Accident Insurance $300,000 no cash value | 1.00 | 0.00 | | 0.00 | FA |
| 12. Accident Insurance $100,000 no cash value | 1.00 | 0.00 | | 0.00 | FA |
| 13. Accident Insurance $100,000 no cash value | 1.00 | 0.00 | | 0.00 | FA |
|     Debtor Claimed 100% Exemption on Schedule C | | | | | |
| 14. Accident Life Insurance $495,000 no cash value | 1.00 | 0.00 | | 0.00 | FA |
|     Debtor Claimed 100% Exemption on Schedule C | | | | | |
| 15. Accidental Death Metlife $154,000 no cash value | 1.00 | 0.00 | | 0.00 | FA |
|     Debtor Claimed 100% Exemption on Schedule C | | | | | |
| 16. American General Life $100,000 | 2,900.00 | 0.00 | | 0.00 | FA |
|     Debtor Claimed 100% Exemption on Schedule C | | | | | |
| 17. American General Life Ariel $100,000 | 2,900.00 | 0.00 | | 0.00 | FA |
|     Debtor Claimed 100% Exemption on Schedule C | | | | | |
| 18. American General Life $50,000 | 2,000.00 | 0.00 | | 0.00 | FA |
|     Debtor Claimed 100% Exemption on Schedule C | | | | | |

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 2

Exhibit A

| Case No: | 10-24031 | JPC | Judge: JACQUELINE P. COX | Trustee Name: | PHILIP V. MARTINO |
|---|---|---|---|---|---|
| Case Name: | MARANAN, ARIEL L | | | Date Filed (f) or Converted (c): | 05/26/10 (f) |
| | MARANAN, CARMEL B | | | 341(a) Meeting Date: | 07/01/10 |
| | | | | Claims Bar Date: | 11/05/10 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 19. American General Policy 9498 $50,000 | 2,000.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed 100% Exemption on Schedule C | | | | | |
| 20. Group Life Metlife $231,000 no cash value | 1.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed 100% Exemption on Schedule C | | | | | |
| 21. Group Life of Minnesota Life $35,000 no cash value | 1.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed 100% Exemption on Schedule C | | | | | |
| 22. Interests in Partnership for Rehab | 1.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed 100% Exemption on Schedule C | | | | | |
| 23. 2005 Lexus ES 330 | 12,000.00 | 0.00 | | 0.00 | FA |
| 24. 2005 Lexus RX 330 | 16,000.00 | 0.00 | | 0.00 | FA |
| 25. Post Petition Transfer to Normandy Maranan (u) | 0.00 | 3,833.00 | | 1,900.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.72 | Unknown |

| | | | | | Gross Value of Remaining Assets |
|---|---|---|---|---|---|
| TOTALS (Excluding Unknown Values) | $1,003,408.00 | $10,366.00 | | $11,133.72 | $0.00 |
| | | | | | (Total Dollar Amount in Column 6) |

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 02/28/20     Current Projected Date of Final Report (TFR): 02/28/11

LFORM1

UST Form 101-7-TFR (9/1/2009) *(Page: 4)*

Ver: 15.20

FORM 2

Page: 1

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| Case No: | 10-24031 -JPC | Trustee Name: | PHILIP V. MARTINO |
|---|---|---|---|
| Case Name: | MARANAN, ARIEL L | Bank Name: | BANK OF AMERICA, N.A. |
| | MARANAN, CARMEL B | Account Number / CD #: | *******0506 BofA - Money Market Account |
| Taxpayer ID No: | *******0193 | | |
| For Period Ending: | 12/27/10 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | Uniform Tran. Code | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | | | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| 07/19/10 | 5, 6, 7 | Maranan, Ariel & Carmel | | | | 6,533.00 | | 6,533.00 |
| | | MARANAN, ARIEL AND CARMEL | Memo Amount: | 3,833.00 | 1122-000 | | | |
| | | | Rental payments | | | | | |
| | | ARIEL & CARMEL MARANAN | Memo Amount: | 2,700.00 | 1129-000 | | | |
| | | | Bank Account Balances | | | | | |
| 07/30/10 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.030 | | 1270-000 | 0.04 | | 6,533.04 |
| 08/31/10 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.030 | | 1270-000 | 0.17 | | 6,533.21 |
| 09/30/10 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.030 | | 1270-000 | 0.16 | | 6,533.37 |
| 10/13/10 | 25 | Normandy Maranan | | | 1241-000 | 633.34 | | 7,166.71 |
| 10/29/10 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.030 | | 1270-000 | 0.17 | | 7,166.88 |
| 11/16/10 | 25 | Normandy Maranan | | | 1241-000 | 633.33 | | 7,800.21 |
| 11/30/10 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.030 | | 1270-000 | 0.18 | | 7,800.39 |
| 12/15/10 | 25 | Normandy Maranan | | | 1241-000 | 633.33 | | 8,433.72 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Memo Allocation Receipts: | 6,533.00 | | COLUMN TOTALS | | 8,433.72 | 0.00 | 8,433.72 |
| Memo Allocation Disbursements: | 0.00 | | Less: Bank Transfers/CD's | | 0.00 | 0.00 | |
| | | | Subtotal | | 8,433.72 | 0.00 | |
| Memo Allocation Net: | 6,533.00 | | Less: Payments to Debtors | | | 0.00 | |
| | | | Net | | 8,433.72 | 0.00 | |
| | | | | | | NET | ACCOUNT |
| Total Allocation Receipts: | 6,533.00 | | TOTAL - ALL ACCOUNTS | | NET DEPOSITS | DISBURSEMENTS | BALANCE |
| Total Allocation Disbursements: | 0.00 | | BofA - Money Market Account - *******0506 | | 8,433.72 | 0.00 | 8,433.72 |
| Total Memo Allocation Net: | 6,533.00 | | | | 8,433.72 | 0.00 | 8,433.72 |
| | | | | | ============= | ============= | ============= |
| | | | | | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals 8,433.72 0.00

Ver: 15.20

LFORM24

UST Form 101-7-TFR (9/1/2009) *(Page: 5)*

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 2

Exhibit B

| Case No: | 10-24031 -JPC | | Trustee Name: | PHILIP V. MARTINO |
|---|---|---|---|---|
| Case Name: | MARANAN, ARIEL L | | Bank Name: | BANK OF AMERICA, N.A. |
| | MARANAN, CARMEL B | | Account Number / CD #: | *******0506  BofA - Money Market Account |
| Taxpayer ID No: | *******0193 | | | |
| For Period Ending: | 12/27/10 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

| | | | | Page Subtotals | 0.00 | 0.00 |

Ver: 15.20

LFORM24

UST Form 101-7-TFR (9/1/2009) *(Page: 6)*

## ANALYSIS OF CLAIMS REGISTER

CASE NO: 10-24031-JPC
CASE NAME: MARANAN, ARIEL L
CLAIMS BAR DATE: 11/05/10
CLAIMS REVIEWED BY: PHILIP V. MARTINO, Trustee

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| | PHILIP V. MARTINO<br>300 NORTH LASALLE STREET<br>SUITE 4000<br>CHICAGO, IL 60654 | Administrative | | 0.00 | 1,593.37 | 1,593.37 |
| | PHILIP V. MARTINO<br>300 NORTH LASALLE STREET<br>SUITE 4000<br>CHICAGO, IL 60654 | Administrative | | 0.00 | 0.00 | 0.00 |
| 001<br>3110-00 | Quarles & Brady LLP | Administrative | | 0.00 | 3,855.70 | 3,855.70 |
| | | Subtotal for Class Administrative | | 0.00 | 5,449.07 | 5,449.07 |
| 000001<br>070<br>7100-00 | Chase Bank USA, N.A.<br>PO Box 15145<br>Wilmington, DE 19850-5145 | Unsecured | | 0.00 | 10,035.17 | 10,035.17 |
| 000002<br>070<br>7100-00 | Fia Card Services, NA/Bank of America<br>by American Infosource Lp As Its Agent<br>PO Box 248809<br>Oklahoma City, OK 73124-8809 | Unsecured | | 21,243.00 | 21,337.38 | 21,337.38 |
| 000003<br>070<br>7100-00 | Fia Card Services, NA/Bank of America<br>by American Infosource Lp As Its Agent<br>PO Box 248809<br>Oklahoma City, OK 73124-8809 | Unsecured | | 0.00 | 176.78 | 176.78 |
| 000004<br>070<br>7100-00 | Fia Card Services, NA/Bank of America<br>by American Infosource Lp As Its Agent<br>PO Box 248809<br>Oklahoma City, OK 73124-8809 | Unsecured | | 16,540.00 | 16,861.06 | 16,861.06 |

UST Form 101-7-TFR (9/1/2009) *(Page: 7)*

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 000005 070 7100-00 | Fifth Third Bank<br>PO BOX 829009<br>Dallas, TX 75382 | Unsecured | | 10,897.00 | 11,083.36 | 11,083.36 |
| 000006 070 7100-00 | PYOD LLC its successors and assigns as assignee of<br>Citibank, NA<br>c/o Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602- | Unsecured | | 10,793.00 | 10,801.86 | 10,801.86 |
| 000007 070 7100-00 | PYOD LLC its successors and assigns as assignee of<br>Citibank, NA<br>c/o Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602- | Unsecured | | 22,954.00 | 23,046.25 | 23,046.25 |
| 000008 070 7100-00 | PYOD LLC its successors and assigns as assignee of<br>Citibank, NA<br>c/o Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602- | Unsecured | | 9,059.00 | 9,092.07 | 9,092.07 |
| 000009 070 7100-00 | American Express Centurion Bank<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Unsecured | | 5,600.00 | 5,479.49 | 5,479.49 |
| 000010 070 7100-00 | Normandy Maranan<br>Steven A Wade<br>Anesi Ozmon Rodin Novak & Kohen Ltd<br>161 N Clark St #21<br>Chicago, IL 60601 | Unsecured | | 0.00 | 32,772.50 | 32,772.50 |
| | | Subtotal for Class Unsecured | | 97,086.00 | 140,685.92 | 140,685.92 |
| | | Case Totals: | | 97,086.00 | 146,134.99 | 146,134.99 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

**UST Form 101-7-TFR (9/1/2009)** *(Page: 8)*

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-24031
Case Name: MARANAN, ARIEL L
　　　　　MARANAN, CARMEL B
Trustee Name: PHILIP V. MARTINO

Claims of secured creditors will be paid as follows:

| *Claimant* | *Proposed Payment* |
|---|---|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| Trustee: PHILIP V. MARTINO | $_____ | $_____ |
| Attorney for trustee: Quarles & Brady LLP | $_____ | $_____ |
| Appraiser: | $_____ | $_____ |
| Auctioneer: | $_____ | $_____ |
| Accountant: | $_____ | $_____ |
| Special Attorney for trustee: | $_____ | $_____ |
| Charges: | $_____ | $_____ |
| Fees: | $_____ | $_____ |
| Other: | $_____ | $_____ |
| Other: | $_____ | $_____ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

|  | *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|---|
| *Attorney for debtor:* | _____ | $_____ | $_____ |
| *Attorney for:* | _____ | $_____ | $_____ |
| *Accountant for:* | _____ | $_____ | $_____ |
| *Appraiser for:* | _____ | $_____ | $_____ |
| *Other:* | _____ | $_____ | $_____ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be _____ percent.

Timely allowed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| *000001* | *Chase Bank USA, N.A.* | $_____ | $_____ |
| *000002* | *Fia Card Services, NA/Bank of America* | $_____ | $_____ |

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 000003 | Fia Card Services, NA/Bank of America | $ | $ |
| 000004 | Fia Card Services, NA/Bank of America | $ | $ |
| 000005 | Fifth Third Bank | $ | $ |
| 000006 | PYOD LLC its successors and assigns as assignee of | $ | $ |
| 000007 | PYOD LLC its successors and assigns as assignee of | $ | $ |
| 000008 | PYOD LLC its successors and assigns as assignee of | $ | $ |
| 000009 | American Express Centurion Bank | $ | $ |
| 000010 | Normandy Maranan | $ | $ |

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

  Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be _____ percent.

  Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

  The amount of surplus returned to the debtor after payment of all claims and interest is $_____.